## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **PARK UNIVERSITY ENTERPRISES, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION** |
| | ) | |
| **v.** | ) | **No. 03-2522-KHV** |
| | ) | |
| **AMERICAN CASUALTY COMPANY OF** | ) | |
| **READING, PA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER AND ORDER TO SHOW CAUSE

Plaintiff filed suit seeking a declaratory judgment that defendant has a duty to defend and indemnify it in a state court class action lawsuit. On cross motions for partial judgment on the pleadings, the Honorable G.T. Van Bebber held that defendant owes a duty to defend plaintiff in that lawsuit. Defendant filed an interlocutory appeal. On May 24, 2004, this Court stayed the case until conclusion of the state lawsuit and defendant's appeal. On March 27, 2006, the Tenth Circuit Court of Appeals affirmed Judge Van Bebber's decision. On June 1, 2006, the Court ordered plaintiff to show cause why the Court should not exercise its discretion under the Declaratory Judgment Act ("DJA") and dismiss this matter without prejudice.

Both parties ask the Court to continue the stay of this case pending resolution of the state lawsuit. Plaintiff argues that one of the following scenarios likely will occur within the next few weeks: (1) defendant will file a petition for a writ of certiorari to the United States Supreme Court; (2) all parties in the state lawsuit and defendant in this case will engage in settlement discussions; or (3) the stay in the state lawsuit will be lifted and the parties will engage in discovery in preparation for trial. None of these scenarios

suggest that the parties currently have a case or controversy as to defendant's duty to indemnify.  The Court

therefore dismisses plaintiff's claim for a declaratory judgment on defendant's duty to indemnify (Count 4

of the amended complaint) without prejudice.[1]  See Premcor USA, Inc. v. Am. Home Assurance Co., 400

F.3d 523, 530 (7th Cir. 2005) (district court should either dismiss indemnity issue without prejudice or stay

proceedings until underlying action is final and liability is determined); Travelers Prop. Cas. Corp. v.

Winterthur Int'l, No. 02-Civ-2406, 2002 WL 1391920, at *6  (S.D.N.Y.  June 25, 2002) (unlike duty

to defend, declaratory judgment action on duty to indemnify is not "a justiciable and ripe controversy" until

liability is established; dismissal of complaint without prejudice is correct disposition).

Plaintiff argues that judicial economy dictates that it would be better to continue the stay rather than

require the parties to file a separate action in the future.  The Court disagrees.  Judicial economy is not

promoted where the Court keeps a case on its docket while monitoring ongoing litigation in state court,

amid uncertainty whether the case will ever mature into a case or controversy regarding the remaining issues

---

[1]        The Court recognizes that in this case, Judge Van Bebber previously overruled defendant's
motion to dismiss plaintiff's indemnification claims.  Judge Van Bebber held in part that "the contingent
nature of the right or obligation in controversy will not bar a litigant from seeking relief *when the
circumstances reveal a need for a present adjudication*."  Park Univ. Enters., Inc. v. Am. Cas. Co. of
Reading, Pa., 2004 WL 303213, at *1 (D. Kan. Feb. 3, 2004) (emphasis added) (quoting Allendale Mut.
Ins. Co. v. Kaiser Eng'rs, 804 F.2d 592, 594 (10th Cir. 1986), cert. denied, 482 U.S. 914 (1987)).
Based on the parties' responses to the order to show cause, the present circumstances do not reveal a need
for a present adjudication of plaintiff's claims.  Indeed, the parties have consistently represented that the
case involves two distinct issues: (1) whether defendant owes a duty to defend plaintiff in the underlying
case and (2) whether defendant may *later* owe a duty to indemnify plaintiff in the underlying case.  Order
(Doc. #58) filed May 3, 2004 at 1; see Plaintiff's Memorandum Of Law In Opposition To Defendants'
Motion To Dismiss (Doc. #16) at 8 (asking court to decide duty to defend issue which is ripe and delay
ruling on indemnity claims until underlying suit is settled or resolved).  In its response to the order to show
cause, plaintiff concedes that the indemnity issues are not ripe for adjudication until the underlying state
court case is resolved.  See Plaintiff's Response To Order To Show Cause And Motion To Continue Stay
(Doc. #76) at 4.

in the case.

Plaintiff also argues that it has brought two breach of contract claims (one for breach of the duty to defend and one for breach of the duty to indemnify) which are not governed by Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491 (1942) and that those claims should remain pending.[2]  The contractual claim for breach of the duty to defend is part of the Tenth Circuit decision in this case.  Absent Supreme Court review, both claims related to the duty to defend will be final in the near future.  As to the contractual claim for breach of the duty to indemnify, the Court notes that even such claims must be ripe for review, i.e. plaintiff must show that the harm asserted "has matured sufficiently to warrant judicial intervention." Morgan v. McCotter, 365 F.3d 882, 890 (10th Cir. 2004) (quoting Warth v. Seldin, 422 U.S. 490, 499 n.10 (1975)).  The Tenth Circuit has set forth the ripeness inquiry as follows:

> Determining whether the issues presented by this case are ripe for review requires us to evaluate both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration.  Application of the fitness standard requires us to ask whether the case involves uncertain or contingent future events that may not occur as anticipated, or indeed may not occur at all.  Likewise, the hardship inquiry may be answered by asking whether the challenged action creates a direct and immediate dilemma for the parties.

Id. at 890-91 (internal citations and quotations omitted).  Here, plaintiff concedes that its indemnification claims will not be ripe for review until after the state court lawsuit is resolved.  "At best, further developments would undoubtedly sharpen the factual issues in this case; at worst, the failure of certain

---

[2]    The Court's order required plaintiff to show cause why the Court should not exercise its discretion under the DJA and dismiss this matter without prejudice.  Because the order to show cause did not specifically mention the ripeness doctrine or plaintiff's breach of contract claim, on or before **July 18, 2006**, the parties shall show cause why the Court should not dismiss Count 3 (breach of contract – indemnification) of the Amended Complaint (Doc. #19) because that claim is not ripe for adjudication.

- 3 -

contingent events may render a decision completely advisory." Id. at 891. As explained above, the parties do not request a present adjudication on the indemnification issues. Out of an abundance of caution, however, the Court will give the parties an additional opportunity to brief this issue as to Count 3 of the amended complaint.

IT IS THEREFORE ORDERED that Plaintiff's Response To Order To Show Cause And Motion To Continue Stay (Doc. #76) filed June 6, 2006 be and hereby is **OVERRULED**.

IT IS FURTHER ORDERED that Count 4 (declaratory judgment – indemnification) of the Amended Complaint (Doc. #19) be and hereby is **DISMISSED without prejudice**.

IT IS FURTHER ORDERED that on or before **July 18, 2006**, the parties shall show cause why the Court should not dismiss Count 3 (breach of contract – indemnification) of the Amended Complaint (Doc. #19) because that claim is not ripe for adjudication.

Dated this 7th day of July, 2006, at Kansas City, Kansas.


s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge